**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISRAEL LOPEZ-SIMON, | No. 11-72594 |
| Petitioner, | Agency No. A087-451-159 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 24, 2013[**]

Before:      ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Israel Lopez-Simon, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"),

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and also petitions for review of the BIA's order dismissing his appeal from an IJ's decision denying his motion to reopen his removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We review for an abuse of discretion the BIA's denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT relief because Lopez-Simon failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Mexico. *See Santos-Lemus*, 542 F.3d at 748.

However, in denying asylum and withholding of removal, the BIA concluded government informants could not be a particular social group under our decision in *Soriano v. Holder*, 569 F.3d 1162, 1166 (9th Cir. 2009). In light of our recent decision in *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093-94 (9th Cir. 2013) (en banc), we remand this issue to the agency to reassess whether Lopez-Simon has established that he fears harm on account of a protected ground.

11-72594

The BIA did not abuse its discretion in denying Lopez-Simon's motion to reopen as untimely where it was filed more than a year after the final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and Lopez-Simon did not prejudice resulting from the alleged ineffective assistance of counsel, *see Iturribarria v. INS*, 321 F.3d 889, 899-90 (9th Cir. 2003) (the attorney's performance must have "affected the outcome of the proceedings"). Lopez-Simon's contention that the BIA's failure to grant his request for a transcript of the prior proceedings violated his due process rights fails for the same reason. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part. REMANDED.**

11-72594